The opinion of the court wás delivered by
Sergeant, J.
The first question arising on the bill of exceptions to the evidence is, whether the deed oí" the 28th September, 1830, and its recitals, were admissible in evidence. It was offered by the defendant, to show that Mrs. Stevenson, for whose use the conveyance of the 22d July, 1829, w:as taken by her father, had; oh being apprised of its existence, dissented from it, declared it to be null and void, and in conjunction with her husband, settled the pro¿ perty in a different manner. Had Mrs, St'evenson been a third person, wholly unconnected with this suit, the deed of 1830 wohl'd have been evidence for this purpose. It was her solemn, deliberate act, under her hand and seal,, and acknowledged before a magis-. trate, and was the highest evidence, short of a record, of her dissent from the former deed, on which this suit was founded. But in addition to this, Mrs. Stevenson wa$ a party to the present suit.. It was marked to her use on the day'of the trial, and she was entitled to the whole beneficial interest in the rent claimed, even supposing that the deed of 22d July, 1829, conveyed to her no mofe thin án equitable interest. That deed was to her father, his heirs and assigns, to have and to hold to him, his heirs and assigns', ih trust for the sole use, benefit, and behoof of Mrs: .Stevenson, and her heirs. In an ordinary case, such a deed would (’hot jcrteáte á trust in her, but a use executed by the statute, (1 Prest. Estates, 191,) and would, therefore, on its face, have passed to her the whole legal estate in the premises. So that she would be the party legally as well as beneficially interested in this suit; and any act or declaration or recital of hers would be evidence against her. The only ground on which it can be contended that no more than a trust passed to her, is that it is conveyed for her “ sole use, benefit, and behoof,” which means for her separate estate; and in that case, a trust being necessary to support her separate interest, such construction might be given to it. On the construction of similar words, some nice distinctions have been made by the English Courts, (Clancy on Married Women, 267,) and the decisions in Pennsylvania are collected and examined in the opinion of this court delivered by Mr. Justice Kennedy, in the case of Evans v. Knorr, (4 Rawle, 66.) It is not necessary, nor do I mean to express any opinion on this point, because, if Mrs. Stevenson had the equitable interest in the demand in this suit, her declarations and recitals respecting her interest in the matter in controversy, would be evidence for the defendant; and the recitals in question, being contained in an indenture, are to *24 be considered as the words of all who are parties to it. I am theréfore of opinion, there was no error in admitting in evidence the ■ deed of 28th September, 1830, and its recitals.
The next question is, whether the court were right in chargirig the jury that the deed of 22d July, 1829, v/as void, and the déé'd of 28th September, 1830, was good. I do not perceive on what ground it can be pretended, that Mrs. Stevenson can again set up the first deed, and recover upon it, after her solemn declaration in the last deed, that the former was executed without the knowledge, consent, or approbation of herself, and husband, that it was null and void, and after having conveyed the same property to'another trustee, and settled it to other uses and purposes, and when that settlement has been carried into execution by the trustee’s demanding and recovering the rents from the tenants under it, for the benefit of her and her husband. She had the undoubted right and power, if the first deed was made without her knowledge and consent, to annul it at the first opportunity; and on availing herself of this power, and exercising it by a deliberate act, the deed was absolutely null and void ab initio. It was not merely voidable so as to be good for the intervening time: it had no validity from the beginning, the assent of the ostensible parties to it being wanting. The property never passed by it for any purpose whatever; and the settlement of the estate by the deed of 28th September, 1830, was made on the ground, that Mrs. Stevenson remained free and untrammelled, and at liberly to settle the estate as she pleased. Having done so, it is clear, that the deed of 29th July, 1829, never had any legal existence, and that the deed of 1830, was valid and binding. If so, Mr. Porter, the trustee under the deed of 1830, was alone empowered to receive the rents; and though the evidence is not very clear, there is reason to believe, that he, or Mrs. Stevenson, did receive them.
Another exception to the charge is, that the court below stated that there was no presumption from any evidence, that Ehler, the .defendant, had assented to the tenancy under the plaintiff The only facts that could be supposed to justify such a presumption, are the evidence of a witness for the plaintiff, that the defendant had occupied one of the houses from the 1st of April 1830: and that the witness had occupied another of the houses and paid the rent to Mrs. Stevenson. But there was no evidence under whom Ehler rented or held the premises. Pie paid some, if not all his rent, to Mr. Porter, the trustee under the deed of 1830: and the jury must have been altogether at a loss to determine under whom he held. In order to estop a person from denying the title of one claiming rent as his landlord, the allegation that he held under him as tenant ought to be clearly and positively established. It ought not to rest on conjecture. If Ehler really rented from the-plaintiff, or acknowledged his title, the fact is susceptible of proof, and the plaintiff was *25 bound to adduce such proof before he could avail himself of the rule of law that the tenant shall not deny his landlord’s title. No such proof was given, nor any evidence from which the jury could be justified in presuming it. The other errors assigned are without foundation.
Judgment affirmed.